In the Matter of PLAQUEMINE TOWING CORP., as Owner and Operator of the M/V Dorella Banta, Official No. 284579, Praying for Exoneration or Limitation of Liability.

CIV. A. No. 01–239–D.

United States District Court,
M.D. Louisiana.

Jan. 31, 2002.

---

28. Rec. Doc. No. 19 at 4–5.

29. Id. at 6.

30. *Texaco,* 1991 WL 267752 at *1.

31. Rec. Doc. No. 15.

Georges M. Legrand, Daniel J. Hoerner, Mouledoux, Bland, Legrand & Brackett, New Orleans, LA, for Plaquemine Towing Corp.

Daniel S. Foley, Barker, Boudreaux, Lamy & Foley, New Orleans, LA, for Deborah Washington, Carl Washington, Patrick Jenkins, Damon M. Jenkins, Robert L. Davis, Sr., Paulette Daigle, David Daigle, Lisa D. Maracalin, Richard P. Major, Jr., Stanley Young, Latoya Marie Wilson, John Johnson, Nicole Chattmon.

Paul Philip Breaux, Jr., Breaux & Hornstein, St. Gabrielle, LA, for Thurmertha Patrick, Ray Charles Toussaint.

James C. Donohue, Marti Monistere Ogden, Ross Forrest Lagarde, Crawford & Lewis, Baton Rouge, LA, Rufus C. Harris, III, Harris & Ruffy, L.L.C., New Orleans, LA, for State of Louisiana.

Leonard Cardenas, III, John T. Joubert, Henri Michael Saunders, Cardenas Law Firm, Baton Rouge, LA, for Billy Kirkpatrick.

Michael Dennis Riley, Birdsall, Rodriguez & Kehoe, New Orleans, LA, Roger Scott Bernstein, New Orleans, LA, for Sherman Molden.

## RULING ON MOTION TO DISMISS AND/OR FOR PARTIAL SUMMARY JUDGMENT

BRADY, District Judge.

This matter is before the court on two separate motions: a Motion to Dismiss and/or for Partial Summary Judgment (doc. 63) filed by complainant, Plaquemine Towing Corp., and a Motion for Partial Summary Judgment (doc. 70) filed by claimant, State of Louisiana. Because the parties have submitted evidence outside the pleadings, the court will treat them as motions for partial summary judgment. The motions are opposed, and there is no need for oral argument. Subject matter jurisdiction is based on federal question, 28 U.S.C. § 1331.

This lawsuit arises out of a maritime collision that occurred on April 19, 2000, between the M/V ST. FRANCISVILLE, a ferry boat owned and operated by the State of Louisiana, Department of Transportation and Development ("DOTD"), and the tow of the M/V DORELLA BANTA, a pushboat owned and operated by Plaquemine Towing Corp. ("Plaquemine"). The collision occurred on the Mississippi River near Sunshine, Louisiana shortly after 5:00 a.m. At the time of the accident, it was dark and very foggy.

On March 27, 2001, Plaquemine filed a complaint under the Limitation of Liability Act, seeking exoneration from liability or limitation of liability in connection with this incident. Subsequent to the filing of the complaint, claims for damages were filed on behalf of numerous crewmembers

of the ferryboat, ferry passengers, and spouses of passengers. Plaquemine brings the instant motion seeking dismissal of the loss of consortium claims of David Daigle and Carl Washington, who are spouses of passengers who were aboard the M/V ST. FRANCISVILLE. The State of Louisiana also seeks dismissal of those same loss of consortium claims. Furthermore, Plaquemine seeks dismissal of all claims against it for punitive damages.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the burden at trial rests on the non-movant, as it does here, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case. See *Id*. The movant may do this by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. See *Id*.

Although this court considers the evidence in the light most favorable to the non-movant, the non-movant may not merely rest on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue for trial. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-movant's burden. If, once the non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. See *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548; see also Fed. Rule Civ. P. 56(c).

## LAW AND ARGUMENTS

Three of the claimants who are seeking punitive damages in this action were members of the crew of the M/V ST. FRANCISVILLE. The remaining individuals who have asserted claims for punitive damages against Plaquemine are either passengers who were aboard the M/V ST. FRANCISVILLE at the time of the collision or the spouses of passengers. In addition, two spouses of passengers, David Daigle and Carl Washington, have asserted claims for loss of consortium/society which they have suffered as a result of the injuries that their wives sustained in the collision.

Claims for loss of consortium and claims for punitive damages are considered to be non-pecuniary because they are aimed at compensating losses that are non-pecuniary in nature. Plaquemine argues that the law is well established that non-pecuniary damages can no longer be recovered by Jones Act seamen. Therefore, the three crewmembers of the M/V ST. FRANCISVILLE, Billy Kirkpatrick, Thurmertha Patrick, and Ray Charles Toussaint, cannot recover punitive damages because they were seamen in the employ of the DOTD and are covered by the Jones Act.

The Jones Act applies when a seaman has been killed or injured as a result of negligence, and it limits recovery to pecuniary losses. See *Miles v. Apex Marine Corporation*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). Therefore, when a wrongful death or personal injury claim is brought under the Jones Act, there can be no recovery for non-pecuniary losses, such as loss of consortium/society and punitive damages. In *Miles,* the United States Supreme Court went on to apply this same principle to the general maritime law and held that even when a claim is based solely on general maritime law and not the Jones Act, there is no recovery for

loss of society for the wrongful death of a Jones Act seaman. See *Id.* at 32–33, 111 S.Ct. 317. The Supreme Court sought to achieve uniformity in all actions for the wrongful death of a seaman, whether brought under the Death on the High Seas Act, the Jones Act, or general maritime law. See *Id.* In *Michel v. Total Transportation, Inc.,* the Fifth Circuit extended the Supreme Court's holding in *Miles* to actions for the personal injury of a Jones Act seaman. 957 F.2d 186 (5th Cir.1992).

Although *Miles* and *Michel* involved claims for loss of consortium and did not specifically mention punitive damages, punitive damages are classified as non-pecuniary just like damages for loss of consortium. Furthermore, the Fifth Circuit specifically extended the holding of *Miles* to the recovery of punitive damages in *Guevara v. Maritime Overseas Corporation,* 59 F.3d 1496 (5th Cir.1995). There the court reasoned that the principle of uniformity in admiralty law required that personal injury actions under general maritime law be uniform with those under the Jones Act. The court held that injured seamen were not entitled to recover punitive damages under the general maritime law. See *Id.* at 1507.

■ In the instant lawsuit, Plaquemine is correct in arguing that punitive damages cannot be recovered by Jones Act seaman. Although the claimants attempt to advance a different interpretation of *Miles,* and they cite cases from other circuits and cases involving non-seamen who were covered by the Longshore and Harbor Workers' Compensation Act, the law clearly favors Plaquemine on this point. It is clear that the three crewmembers of the M/V ST. FRANCISVILLE, Billy Kirkpatrick, Thurmertha Patrick, and Ray Charles Toussaint, cannot recover punitive damages from Plaquemine because they are Jones Act seaman. Therefore, the court finds that their claims for punitive damages are dismissed.

■ The remaining claims for punitive damages and for loss of consortium are asserted by passengers who were aboard the M/V ST. FRANCISVILLE at the time of the collision and by the spouses of passengers. Plaquemine argues that claims for non-pecuniary damages by non-seamen such as the passengers and their spouses are also not allowed under the general maritime law. Plaquemine asserts that disallowing claims for non-pecuniary damages adheres to the principle of uniformity in admiralty law that had been espoused by the Supreme Court in *Miles.*

However, *Miles* involved plaintiffs who were seamen and thus covered by federal statute and general maritime law. The plaintiffs in the instant lawsuit include ferryboat passengers and their spouses, and they are not Jones Act seamen. Therefore, they are not covered by any of Congress' maritime statutes, and they are not entitled to the lowered burden of proof which is accorded Jones Act seamen in exchange for the restriction on their recoverable damages.

The claimants argue that the uniformity principle set forth in *Miles* and *Guevara* need not be interpreted so broadly as to prohibit non-seamen who have been injured and who are not covered by Congressional legislation from recovering non-pecuniary damages. The Miles decision does not set forth an absolute bar to recovery of non-pecuniary damages in all general maritime cases. See *Liner v. Dravo Basic Materials Company,* 2000 WL 1693678 (E.D.La.); see also *In re Horizon Cruises Litigation,* 101 F.Supp.2d 204 (S.D.N.Y.2000). Indeed, Miles does not signify a case for "universal uniformity of maritime tort remedy," but rather "emphasizes the importance of uniformity *in the face of applicable legislation.*" See *Id.*

In the instant lawsuit, there is no legislation that applies to the passengers of the M/V ST. FRANCISVILLE and their spouses, and therefore, they should not be restricted from pursuing punitive damages and damages for loss of consortium.

Furthermore, in *Guevara*, the Fifth Circuit only held that punitive damages were unavailable to a seaman in the limited context of willful nonpayment of maintenance and cure under general maritime law. *Guevara* also set forth an analytical framework for deciding damages issues in general maritime actions:

> In order to decide whether (and how) *Miles* applies to a case, a court must first evaluate the factual setting of the case and determine what statutory remedial measures, if any, apply in that context. If the situation is covered by a statute like the Jones Act or DOHSA, and the statute informs and limits the available damages, the statute directs and delimits the recovery available under the general maritime law as well. The general maritime law will not expand the available damages when Congress has spoken to the relief it deems appropriate or inappropriate.

See *Guevara*, 59 F.3d at 1506. The claimants argue that this language makes it clear that, outside the context of a statutory remedy such as the Jones Act or DOHSA, *Miles* has no limiting effect on general maritime remedies.

The court accepts the argument of the claimants and refuses to extend *Miles* to a situation, such as this one, which is not covered by the Jones Act or DOHSA. The court finds that the ferry boat passengers and their spouses should be allowed to pursue non-pecuniary damages, including punitive damages and damages for loss of consortium, under general maritime law.

■ Furthermore, the claimants assert that the Supreme Court case of *Yamaha Motor Corp. v. Calhoun* allows state law remedies to supplement general maritime law in accidents involving non-seamen in territorial waters. 516 U.S. 199, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996). Therefore, they argue that the spouses of ferryboat passengers are entitled to claim loss of consortium damages under Louisiana state law. In *Yamaha*, a young girl was killed in a collision while riding a jet ski in the territorial waters of Puerto Rico. The deceased girl's parents pled the Pennsylvania Wrongful Death and Survival statutes, and the Supreme Court held that damages for the girl's wrongful death were properly governed by state law. See *Id.* The Court found that federal maritime law did not completely displace state law because Congress had not prescribed remedies for the wrongful death of non-seamen in state territorial waters. See *Id.*

■ The Eastern District of Louisiana has extended Yamaha to cases where the non-seaman's injury was not fatal because "neither logic nor maritime history supports restricting Yamaha to only fatal injury claims." See *Liner v. Dravo Basic Materials Company*, 2000 WL 1693678 (E.D.La.); see also *Kelly v. Bass Enterprises Production Co.*, 17 F.Supp.2d 591 (E.D.La.1998). Therefore, due to the fact that the ferryboat passengers in this case are not seamen and are not covered by any of Congress' maritime statutes, under Yamaha their spouses' claims for loss of consortium are governed by general maritime law and supplemented by any applicable Louisiana state law.

Accordingly, the Motion for Partial Summary Judgment (doc. 63) filed by Plaquemine is GRANTED with respect to the claims for punitive damages asserted by crewmembers Billy Kirkpatrick, Thurmertha Patrick, and Ray Charles Toussaint, and those claims are hereby DISMISSED. The Motion is DENIED with respect to the claims for punitive

damages asserted by ferryboat passengers of the M/V ST. FRANCISVILLE and their spouses. The Motion is DENIED with respect to the claims for loss of consortium asserted by David Daigle and Carl Washington.

Accordingly, the Motion for Partial Summary Judgment (doc. 70) filed by the State of Louisiana is DENIED with respect to the claims for loss of consortium asserted by David Daigle and Carl Washington.